Jacob S. Wessel, Esq.  ISB #7529
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
wessel@thwlaw.com

  Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| PAMELA CORTEZ, | ) | Case No. 18-CV-495 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| GOLDEN VALLEY NATURAL, LLC, | ) | |
| Defendant. | ) | |

Plaintiff Pamela Cortez, for cause of action against defendant Golden Valley Natural, LLC hereby states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under Title VII of the Civil Rights Act seeking declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the sex and race/national origin hostile work environment and discrimination suffered by Plaintiff while she worked for Defendant, for Defendant retaliating against Plaintiff by demoting her when she reported this behavior, and for constructive discharge.

1 -   COMPLAINT AND DEMAND FOR JURY TRIAL

2. This is also a claim for violation of the Family Medical Leave Act of 1993, 29 USC §2612.

3. This is also a claim for violation of the Americans with Disabilities Act of 1990 as amended.

## JURISDICTION AND VENUE

4. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e-16(c) and (d) and 42 U.S.C. § 2000e-5(f).

6. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. § 2201, 2202 and 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(g); compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981a.

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(k) and Fed R Civ P 54. 4.

8. This action is also authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12117(a), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

9. This action is also authorized and instituted pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 2617(2).

10. Compensatory damages, liquidated damages, attorney's fees, expert witness fees, and costs are sought pursuant to Act, 29 U.S.C. § 2617(1) and (3)

11. The employment practices alleged herein were committed in the District of Idaho,

2 -   COMPLAINT AND DEMAND FOR JURY TRIAL

County of Bingham.

## PROCEDURAL REQUIREMENTS

12. Plaintiff has filed a charge of unlawful employment practices with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

13. On August 8, 2018 the United State Equal Employment Opportunity Commission issued to plaintiff a notice of right to sue; Plaintiff has filed this complaint within 90 days from the date she received the dismissal of her EEOC action.

## PARTIES

14. Plaintiff Pamela Cortez is a resident of Idaho Falls, Idaho.

15. Plaintiff Pamela Cortez is half white and half Hispanic; she speaks both English and Spanish.

16. Plaintiff is a qualified individual within the meaning of 42 USC §12111(8) and 42 USC §12112(a).  Plaintiff is and at all material times was a disabled person in that she suffers from a disability within the meaning of the ADA which affects major life activities.

17. Plaintiff is an eligible employee within the meaning of 29 USC §2611(2) in that she had worked for defendant at least 12 months and for at least 1, 250 hours during the 12 month period before she was constructively discharged, and she had a serious health condition that caused her to miss work before she was constructively discharged.

18. Defendant Golden Valley Natural, LLC is an Idaho limited liability company in good standing with its principal place of business in Bingham County, Idaho.

19. Defendant employs and has employed during the relevant periods more than 15

3 -    COMPLAINT AND DEMAND FOR JURY TRIAL

employees and was engaged in an industry affecting commerce. At all material times, Defendant was and is an employer within the meaning of 42 U.S.C. § 2000e-16(a), 42 USC §12111(5), and 29 USC §2611(4).

20. Defendant is a covered employer under the Family Medical Leave Act of 1993 with 50 or more employees in 20 or more workweeks in the current and preceding calendar year.

## FACTS COMMON TO ALL COUNTS

21. Plaintiff began working for Golden Valley Natural, LLC in May of 2014 in pre-pack in Idaho Falls, ID.

22. In mid-2016 Plaintiff was promoted to team leader working nights. A man named Angel was her supervisor for the night shifts. Angel constantly harassed the white workers, calling them "pinche gringo" or "pinche Americana" (fucking white people or fucking American) every day. He constantly treated whites differently from the Hispanics that work there by requiring them to work faster than Hispanics and sending whites home.

23. Plaintiff reported this behavior to the plant manager, Jesus Caudillo, but Golden Valley Natural, LLC did nothing to correct this behavior.

24. In the Summer, 2017, Kevin Zundle became the plant manager. He asked Plaintiff to report harassment of whites and women to him. Plaintiff reported the harassment many times, but whites and women continued to be treated badly, and there was a lot of turnover among whites.

25. From the Fall of 2017 until she was discharged on April 28, 2018, the incidences of severe and pervasive harassment on the basis of gender, race, age, and disability that occurred in Plaintiff's presence include, but are not limited to the following:

a. Supervisor Julio yelled at worker Odeth and her crew of mostly women who had recently come from the Idaho Falls plant saying she and they were stupid. Odeth and I reported this to the plant manager, Kevin Zundle, who had a bilingual employee named Luis translating for him. Luis was translating incorrectly to cover for his friend, Julio. As a result of this, Defendant demoted Odeth to the warehouse. All of the women in her crew quit because of the harassment on February 28, 2018.

b. In February, 2018 I was working with a white woman named Charlotte who was new to the job. Her supervisor said in Spanish, "I don't want the fucking American lady." He called her a "pinche gringa" or "pinche Americana." Charlotte's supervisors treated her horribly and differently from all of the Hispanic new workers. They never trained Charlotte. Her supervisor, Maria, didn't know her name, so she called her "whitey" in Spanish. I reported this to supervisor Jose Luis and to Luis Chavez. Three days later, Charlotte was gone.

c. The Hispanic supervisors called the only black man in the plant a "nigger.'

d. The Hispanics harassed anyone who was old or disabled, making jokes about them.

e. Team leader Albino (Hispanic male) constantly sexually harassed and racially harassed Plaintiff and the other women and especially the white women on his crew. When Plaintiff asked Albino to stop, he just continued to talk about

        a co-worker's breasts and laughed at her. Plaintiff reported all of this to the plant manager, Kevin Zundle, but this behavior never stopped.

f.     In February, 2018 Albino again sexually harassed Plaintiff. She reported this to the supervisor Jose Luis. Defendant's response was to demote Plaintiff and give her line to her harasser, Albino in March, 2018.

g.     After February, 2018, Defendant took Plaintiff off of the machine that she was trained to work, and demoted her to less desirable work she had done when she first started. Defendant gave Plaintiff's machine work to Albino who is a Mexican male who was less qualified to work the machine. Defendant did this because Plaintiff stood up for the white women who were being harassed and because she stood up for herself when she was harassed.

h.     In March, 2018 Plaintiff developed a serious sinus infection. She had to miss some work, but she got a doctor's note stating that she had been sick and that she couldn't work on the raw side of production. Her supervisor, Jose Luis, refused to take her doctor's note, so she gave it to her supervisor, Maria. On Monday, March 26 when Plaintiff returned to work, Luis said he had to fire Plaintiff for missing work, although she had told Jose Luis and given Maria the doctor's note. Plaintiff tried to report this to Kevin Zundle, but he wouldn't talk to her. Plaintiff reported it to supervisor Javier, but he said she didn't bring in a doctor's note. Due to her missing work for her serious health condition, Defendant demoted Plaintiff to sealing 35 lb bags of meat. Plaintiff was the only woman doing this job. Plaintiff felt something pull in

    her hand, but Defendant still required her to use her injured hand. Plaintiff's supervisors quit answering her questions, and Jose Luis said he was going to make sure Plaintiff quit. Plaintiff began having panic attacks at work.

  i. On April 28, 2018 Plaintiff couldn't take any more of the harassment based upon her gender, light skin, and disability, so she quit. On that day, Defendant constructively discharged Plaintiff.

## COUNT I
### (RACE AND NATIONAL ORIGIN DISCRIMINATION, DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT AND SEXUAL HARASSMENT)
### (TITLE VII)

26. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 above as if set forth at length herein.

27. From May, 2014 through on or about April 28, 2018, plaintiff was employed with the Defendant as a full time employee working at defendant's plant in Bingham County Idaho.

28. Plaintiff is half white, half Hispanic and can speak fluently in both English and Spanish.

29. As a result of her different mixed race, her skin is lighter than most of her Hispanic coworkers, and it is visually evident that she is not fully Hispanic.

30. From the first day of her employment with Defendant, Plaintiff's supervisors created a hostile work environment based upon her race and gender by constantly harassing her and other white women in the work place.

31. Plaintiff reported the race and sexual harassment outlined in paragraphs 22-25 above to her supervisors and to the plant manager, but they simply ignored the problem.

7 - COMPLAINT AND DEMAND FOR JURY TRIAL

32. In February, 2018 Defendant demoted Plaintiff due to her reporting this racial and sexual harassment and gave her job to her less qualified, Hispanic mail coworker who had been harassing her and other white women in the plant.

33. After February, 2018, Defendant and its supervisors did everything in their power to try to cause Plaintiff to quit.

34. On or about April 28, 2018, due to the hostile work environment based upon race and sex and due to being treated differently from the Hispanic males at the plant, and due to Defendant's retaliation against Plaintiff by demoting her for reporting the hostile work environment, Plaintiff was forced to quit and was constructively discharged by Defendant in violation of Title VII of the Civil Rights Act.

35. As a result of Defendant's intentional acts alleged herein, plaintiff suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, humiliation, loss of enjoyment of life, and decline in her physical and emotional health in such amount as may be available under applicable law.

36. Defendant's acts were done intentionally with an improper, abusive, discriminatory, motive, and with reckless indifference to plaintiff's federally protected rights. Such conduct should not be tolerated by this society, and punitive damages in the amount of $300,000.00, or as otherwise fixed by a jury and available under applicable law, should be awarded to punish defendant and deter such conduct in the future.

37. Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following: 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(k) and any other applicable statute.

## COUNT II
## (VIOLATION OF THE FMLA)

38.     Plaintiff incorporates paragraphs 1 through 37 of this Complaint and Demand for Jury Trial as if set for fully herein;

39.     Defendant is covered employer within the meaning of the FMLA in that it is a private-sector employer with 50 or more employees in 20 or more workweeks in the current and preceding calendar year.

40.     Plaintiff is an eligible employee entitling her to FMLA leave in that she works for a covered employer, she has worked for Defendant for more than 12 months with more than 1.250 hours of service in the 12 month period preceding her constructive discharge, and she worked at a location where Defendant has at least 50 employees within 75 miles.

41.     In or about March of 2018 Plaintiff developed a serious health condition (sinus infection) that made her unable to perform the essential functions of her job on the raw meat side of production and that required her to miss work for less than 12 weeks in March, 2018.

42.     When Plaintiff requested the FMLA leave and presented Defendant with a note from her doctor, Defendant responded by threatening to terminate her and then demoting her.

43.     Defendant did not provide the required notice concerning Plaintiff's eligibility for FMLA leave and her rights and responsibilities under the FMLA.

44.     Defendant failed to notify Plaintiff whether the leave was designated as FMLA leave and the amount of leave that will be deducted from her FMLA entitlement.

45.     Defendant's actions were in violation of the Family Medical Leave Act

## COUNT III:  (DISABILITY  DISCRIMINATION)
## (TITLE I OF THE AMERICANS WITH DISABILITIES ACT)

9 -     COMPLAINT AND DEMAND FOR JURY TRIAL

46. Plaintiff incorporates paragraphs 1 through 45 of this Complaint and Demand for Jury Trial as if set for fully herein;

47. In 2014 Plaintiff began employment with defendant. Plaintiff held a number of different jobs during the course of her employment with Defendant. At all relevant times (except when she had to miss work because of her serious health condition in March, 2018), Plaintiff was able to perform the essential functions and requirements of her employment.

48. At the time of her constructive discharge on or about April 28, 2018, Plaintiff had a disability, namely an injured hand. This disability substantially limits major life activities, namely Plaintiff's ability to lift heavy objects and perform laboring functions such as sealing 35 lb. bags of meat which Plaintiff was demoted to for retaliation (see Count II). Plaintiff could have carried out her previous position with her injury working on a machine. Nonetheless, Plaintiff continued to perform her job requirements sealing bags of meat.

49. At or around the time of her termination from employment, she at all times performed her job duties satisfactorily and was fully qualified by reason of training and experience to perform the duties of this position with or without reasonable accommodation.

50. On April 28, 2018 Plaintiff was constructively discharged.

51. Defendant is in violation of the Americans with Disabilities Act, as amended, in two respects. First, Defendant failed and refused to enter into the interactive process with Plaintiff to discuss a reasonable accommodation. Second, Plaintiff was constructively discharged on account of her disability.

**DAMAGES COMMON TO ALL COUNTS**

52. Plaintiff incorporates paragraphs 1 through 51 of this Complaint and Demand for

Jury Trial as if set for fully herein;

53. As a direct result of Defendant's discriminatory conduct, Plaintiff has suffered a loss of earnings and benefits. Plaintiff is entitled to back pay and benefits from the date of termination to the date of trial in an amount to be proven at trial. Further, reinstatement is not an option. As an equitable remedy in lieu of reinstatement, Plaintiff is entitled to an award of front pay and benefits in an amount to be proven at trial.

54. Plaintiff is entitled to a permanent injunction enjoining defendant, its owners, officers, management personnel, employees and all persons in active concert or participation with Defendant from engaging in any employment practice which discriminates on the basis of disability.

55. As a further result of Defendant's intentional acts alleged herein, Plaintiff suffered emotional distress for which Plaintiff should recover such general damages in such amount as may be available under applicable law and in an amount to be proven at trial.

56. Defendant's acts were done intentionally, with an improper discriminatory motive and with reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

57. Plaintiff is entitled to an award of pre-judgment interest and post-judgment interest on all amounts awarded to Plaintiff on account of Defendant's discrimination.

57. Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein pursuant to 42 USC §12117(a), 42 USC §12205 or other applicable statute or court rule.

WHEREFORE, Plaintiff requests the court to:

1. Assume jurisdiction over Plaintiff's causes of action set forth herein;

11 -   COMPLAINT AND DEMAND FOR JURY TRIAL

2. Grant a permanent injunction enjoining defendant from engaging in any employment practice which discriminates on the basis of sex, race, or disability;

3. Order defendant to make Plaintiff whole by providing compensation for non-pecuniary losses, including physical and emotional pain and suffering, in amounts as are determined at trial;

4. Order Defendant to pay Plaintiff punitive damages in an amount to be determined at trial;

5. Award Plaintiff damages for lost income and benefits as back pay from date of termination to date of trial, in an amount to be proven at trial;

6. Award Plaintiff front pay and benefits as an equitable remedy in lieu of reinstatement in an amount to be proven at trial;

7. Award Plaintiff liquidated damages for Defendant's willful and intentional conduct

8. Award Plaintiff her costs of suit and reasonable attorney fees, costs and expert witness fees pursuant to 42 USC §12117(a), 42 USC §12205, and 29 U.S.C. § 2617(3);

9. Order Defendant to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result of this action.

10. For such further or alternative relief in favor of Plaintiff as the court deems appropriate.

DATED this 6th day of November, 2018.

THOMSEN HOLMAN WHEILER, PLLC

BY: _____/s/_____
Jacob S. Wessel, Esq.

12 -   COMPLAINT AND DEMAND FOR JURY TRIAL

## JURY TRIAL DEMAND

Plaintiff demands jury trial on all issues triable to a jury in this matter.

DATED this 6th day of November, 2018.

                THOMSEN HOLMAN WHEILER, PLLC

                By:    ___/s/_____
                            Jacob S. Wessel, Esq.

JSW/10612/001 Complaint.wpd